RANDRUP v. McBETH et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. PLEADING—AMENDMENT—SURPRISE.

In an action on a bond secured by mortgage to recover a deficiency after sale under judgment of foreclosure, the action being brought a number of years after the sale, defendants were not entitled to amend their answer at the trial to charge the plaintiff with the actual value of the land at the time of the sale, instead of the amount realized, such amendment authorizing evidence of value many years before, for which issue plaintiff was not prepared.

2. MORTGAGES—FORECLOSURE—DEFICIENCY—PERSONAL LIABILITY.

The obligors in a bond secured by mortgage, in an action by the mortgagees to recover the deficiency in the amount realized at foreclosure sale, were not entitled to charge the mortgagees with the actual value of the land at the time of sale, instead of the amount realized.

Patterson, J., dissenting.

Appeal from Trial Term, New York County

Action by Carl E. Randrup against Nellie McBeth and another. From judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Holmes V. M. Dennis, Jr., for appellants.
William H. Sweny, for respondent.

INGRAHAM, J.    The action is on a bond secured by a mortgage to recover the deficiency after a sale under judgment of foreclosure.  The defendant Nellie McBeth owned a farm in the town of Bedford, Westchester county, and the defendants on May 7, 1892, gave a bond for the payment of $6,500 secured by a mortgage upon the farm.    Subsequently the defendants conveyed the farm to one Judson, and in June, 1901, Judson conveyed the farm, subject to the same mortgage, to one Wallace.    In February, 1902, the mortgagee, Mary E. Carey, commenced an action in the Supreme Court, Westchester county, to foreclose the mortgage.    The defendants were not made parties to that action. No defense was interposed, and judgment of foreclosure and sale was entered on March 22, 1902.    Upon a sale under the judgment on May 10, 1902, the mortgaged premises were purchased by the mortgagee, and there resulted a deficiency, to recover for which this action was brought.

When the foreclosure action was commenced, the attorney for the plaintiff endeavored, without success, to ascertain where the defendants resided, so that they could be made parties to the action.    At that time they resided at Mt. Vernon, Westchester county; subsequent to the sale they removed to Ossining, in New York state, where they have since resided.    No notice was given to them of the foreclosure and sale; they had no knowledge that the mortgage had been foreclosed, and that there was a sale of the property, until the commencement of proceedings to collect the deficiency.    In September, 1903, about a year and four months after the sale, an application was made to the Supreme Court in the Second District for leave to sue upon the bond.    This application resulted in an order which provided that upon the mortgagee, Mary E. Carey, or her assigns tendering or causing to be tendered to the defendants a deed of the mortgaged premises within three months from the 30th of September, 1903, the defendants should have the right and privilege to accept the sum stated in the judgment of foreclosure and sale due upon the said bond, together with the costs and allowances in the action, and the referee's expenses upon the sale, amounting in all to $7,219.03, with interest thereon; and further ordering that, if the defendants should neglect or refuse to accept such deed and pay such amount within three months from date, the motion for leave to sue on the said bond should be granted, with $10 costs.    The defendants refused to accept this condition and pay the amount due, and this action was then brought to recover for the amount of the deficiency.

At the trial the defendants claimed the right to show the actual value of the property at the time of the sale, and to charge the plaintiff with such actual value, and not with the amount realized.    This evidence was excluded.    The objection that this defense was not pleaded in the answer having been taken, the defendants moved to be allowed to amend their answer; the court denied this application, and defendants claim that this was error.    I do not think that such an amendment should have been allowed at the trial.   It would be manifestly unjust

to allow such an amendment at that time, as it would permit the defendants to introduce evidence as to the value of the mortgaged premises a number of years before, with the plaintiff entirely unprepared for such an issue. If, however, this defense had been pleaded, I do not think it would have been good. The property was sold under a judgment by an officer of the court, and after the advertisement required by law. There was no obligation resting upon the plaintiff in that foreclosure suit to make these obligors parties. While the action on the bond could not be brought without leave of the court, leave was granted, and from the order granting it no appeal was taken. The question in the action then was whether or not there was a legal defense to a demand against the obligors for the payment on the bond.

It is also contended by the appellants that it was error to permit the plaintiff's case to be proved by secondary evidence. Just what this means is not apparent. The records proved the amount that plaintiff had received from the sale of the property to secure which the bond was given.

No other objection to the recovery was taken by the defendants. Plaintiff made out a prima facie case by proving the execution of the bond, the judgment of foreclosure, the sale thereunder, and the deficiency resulting, and, in the absence of an affirmative defense, the defendants are liable for that amount. The making of the bond was admitted, and no defense of payment was alleged. None of the defenses set up were proved, and I think the plaintiff was entitled to recover.

It follows that the judgment appealed from should be affirmed, with costs.

McLAUGHLIN and CLARKE, JJ., concur. LAUGHLIN, J., concurs in result. PATTERSON, J., dissents.